**ESTATE OF Antoinette P. MITCHELL, the Farmers National Bank & Trust Company of Ashtabula, Executor, Petitioner–Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.**

No. 86–2020.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 13, 1987.

Decided Dec. 11, 1987.

Roger M. Olsen, Asst. Atty. Gen., Tax Div., Dept. of Justice, William F. Nelson, Chief Counsel, IRS, Michael L. Paup (lead counsel), Roger M. Olsen, Tax Div., Dept. of Justice, Robert A. Bernstein (argued), Laurie A. Snyder, Washington, D.C., for respondent-appellant.

John Howland, Cleveland, Ohio, for petitioner-appellee.

Before MARTIN, JONES and BOGGS, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

The Commissioner of Internal Revenue appeals the Tax Court's finding that Mitchell possessed a pre–1942 general power of appointment and, therefore, owed no estate tax. T.C. Memo. 1985–573. The relevant facts of this case are briefly summarized.

Antoinette P. Mitchell died testate on July 2, 1975. It is her estate tax return that is the subject of this litigation. Mitchell was a beneficiary of a trust established under the will dated April 6, 1929, of Cara R. Paine, her mother. Tracy H. Paine was duly appointed trustee of the testamentary trust and served as such until March 4, 1950, at which time he resigned. On the same date, Donald W. Mitchell was appointed trustee when Mitchell declined the posi-

tion. Donald Mitchell served as trustee throughout the remainder of decedent's life. From March 4, 1950 until decedent's death, the only beneficiary to whom disbursements of trust income were made was the decedent. During the same period, income in the amount of $180,431.04 was accumulated by the trust. The Commissioner of Internal Revenue has asserted that this accumulated income should have been included in the decedent's estate.

On April 20, 1981, the Tax Court affirmed the Commissioner's findings of a tax deficiency. T.C. Memo. 1981–185. This court affirmed the factual findings of the Tax Court on April 28, 1983 (No. 81–1577). We remanded to the Tax Court, however, for a determination of whether the will created a pre–1942 general power of appointment over the accumulated trust income in Antoinette Mitchell or any trustee who was a successor to Tracy Paine. The parties agree that if Mitchell or her successor as trustee possessed merely a power of appointment over the income of the trust, then the undistributed income is not to be included in the decedent's estate. The Tax Court then found that such a power of appointment was created and, accordingly, that the accumulated income did not have to be included in Mitchell's estate.

The Commissioner of Internal Revenue argues on appeal that the Tax Court misinterpreted the remand and assumed the existence of a power of appointment. The Commissioner also argues that given our affirmance of the Tax Court's original finding that the will gave the trustee no authority to accumulate income after the death of Antoinette's father, the Tax Court erred in finding a general power of appointment. We disagree.

We are not persuaded by the Commissioner that the findings of the Tax Court should be reversed. To do so, we would have to hold those findings to be clearly erroneous. *Jacobs, et al. v. Commissioner*, 698 F.2d 850 (6th Cir.1983). Whether the will which is at the center of this disputes creates a general power of appointment or vests outright ownership of the trust's income in Mitchell is one of fact.

The language of the will is not clear. Upon review, therefore, this court is constrained to conclude that the Tax Court was not clearly erroneous in its determination of fact. We affirm the judgment.